**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| KEVIN T. BALDWIN, | : | **CIV. NO. 18-16213 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| OFFICER T. BROWN *et al.*, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Kevin T. Baldwin, a prisoner confined in LSCI Allenwood in Pennsylvania and formerly confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") initiated this civil rights action. (Compl., ECF No. 1.) The Court denied Plaintiff's application to proceed *in forma pauperis status* and pre-screened the complaint pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1). (Opinion, ECF No. 10, Order, ECF No. 11.) Plaintiff then paid the filing fee and filed an amended complaint, asserting jurisdiction under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, ("<u>Bivens</u>") 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. (Am. Compl., ECF No. 13.) The Court will reopen this action and screen the amended complaint pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1).

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Amended Complaint

The Court incorporates herein the factual allegations from Plaintiff's original complaint, as summarized in the Court's opinion dated April 12, 2019, and repeated in the amended complaint. (Opinion, ECF No. 10.) In summary, Plaintiff alleges he was a victim of excessive force by Officer Brown at FCI Fort Dix on January 20, 2018, that he received inadequate medical care for his head injuries resulting from the excessive force, and certain of the defendants retaliated against him for filing grievances.

The defendants named in the amended complaint are United States of America, Warden David Ortiz, Associate Warden Grissom, Deputy Captain Frazier, Lieutenant Tucker, Health Services Administrator J. Wilks, Unit Manager Byrd, Medical Director/Clinical Director N. Turner, Physician Assistant Ibe Chigozie, Physician Assistant E. Fletcher, NREMT-P G. Martin, Corrections Officer Meredith, Corrections Officer T. Brown, Corrections Officer E. Evans, Discipline Hearing Officer J. Potter (at FDC-Philadelphia), and Corrections Officer Giordano. (Am. Compl., ECF No. 13, ¶¶4-25.)

Plaintiff alleges few new facts in the amended complaint. He alleges that on January 20, 2018, after he was beaten about the head and face with a flashlight by Defendant Brown, photos and video were taken of his injuries but he did not receive any medical evaluation or treatment. (Am. Compl., ECF No. 13, ¶¶42-44.) Plaintiff's head was x-rayed on January 25, 2018, and the doctor who performed the x-ray diagnosed post-concussion syndrome, prescribed Dexamethasone Acetate and recommended that Plaintiff's blood pressure be checked in a day or two. (Am. Compl., ECF No. 13, ¶48.) Plaintiff alleges that between January 26 and 29, 2018, he received no follow up medical treatment despite complaining of severe pain. (Id., ¶52.)

The counts in the amended complaint are mis-numbered because two of the counts were not numbered. Plaintiff's FTCA claim for

4

negligent medical care is unnumbered and will be referred to as Count IV. Therefore, the Court shall refer to the FTCA claim for negligent, supervision, hiring and training as Count IV(a) and the unnumbered Bivens claim for violation of Plaintiff's First Amendment right to freedom of speech as Count IV(b). The remainder of the counts will be referred to by the numbers assigned in the amended complaint.

Counts I through IV(b) of the amended complaint are brought under the FTCA, 28 U.S.C. § 2671 *et seq.,* based on misconduct alleged against federal employees, including claims of assault and battery, malicious prosecution, negligence in protecting Plaintiff from Officer Brown, medical negligence, and negligent supervision, hiring and training. (Am. Compl., ECF No. 13, ¶¶120-146.)

For Count IV(b) of the amended complaint, Plaintiff alleges a Bivens violation under the First Amendment right to freedom of speech by Deputy Captain Frazier and Lieutenant Tucker, whom he alleges refused to provide him with publications such as the prison litigation manual, magazines and newspapers while he was in the special housing unit. (Id., ¶¶147-150.)

For Count Five, assertefd as a Bivens claim, Plaintiff alleges that Lieutenant Tucker, Officer Brandon[1], Officer Giordano and Unit

---

[1] Officer Brandon is not listed as a defendant in the caption of the amended complaint or as a party under the heading "Parties" in

Manager Byrd retaliated against him in violation of his First Amendment right to seek redress for grievances. (Am Compl., ECF No. 13, ¶¶151-53.) He alleges that Tucker, Brandon and Giordano "trashed" his cell on April 30, 2018, because he filed a grievance against Officer Giordano on April 27, 2018. Unit Manager Byrd intentionally lost Plaintiff's grievance form to protect Officer Giordano. (Id., ¶154.) Lieutenant Tucker and Officer Giordano also trashed Plaintiff's legal work and other property as a means of deterring him from filing prison grievances. (Id., ¶156.) Lieutenant Tucker repeatedly trashed Plaintiff's room. (Id., ¶155.)

Count VI is an Eighth Amendment failure to protect claim brought under Bivens against Assistant Warden Grissom and Warden Ortiz for failing to protect Plaintiff from Officer Brown's assault. (Id., ¶¶157-60.) Plaintiff alleges Assistant Warden Grissom and Warden Ortiz knew Officer Brown posed a serious risk to Plaintiff and others based on similar complaints about Officer Brown but did nothing to prevent the attack on Plaintiff. Count VII is an Eighth Amendment excessive force claim against Officer Brown. (Id., ¶¶161-63.)

---

the amended complaint. The Court assumes he is not a defendant to a Bivens claim but that the allegations against him are alleged in support of an FTCA claim against the United States.

Count VIII is an Eighth Amendment claim under <u>Bivens</u> for deliberate indifference to Plaintiff's serious medical needs. (Am. Compl., ECF No. 13, ¶¶164-67.) Plaintiff incorporates the allegations in the body of the amended complaint and further alleges:

> 165. After Plaintiff was assaulted and taken to medical for examination, no care was provided to Plaintiff, he was simply placed in the SHU.
>
> 166. Between January 20, 2018 through January 30, 2018, Plaintiff repeatedly submitted requests, made staff aware of[,] by verbally advising them[,] that he was suffering in pain and agony from the injuries as a result of the assault and battery by Officer Brown, despite all these pleas, Plaintiff was simply ignored.
>
> 167. The refusal of Defendants Chigozie, Martin, Fletcher, Turner, Wilks, Evans, Frazier and Ortiz to not provide any medical care, refer the matter to outside medical, or to prescribe any medication for the injuries was wanton, reckless, sadistic[], malicious and in violation of the Eighth [Amendment].

(Am. Compl., ECF No. 13.)

Plaintiff also makes allegations against certain defendants who are not mentioned in the <u>Bivens</u> counts of the amended complaint, including Officer Meredith, Officer Brandon (who is not named as a party in the amended complaint) and DHO Potter. The Court will assume this is intentional and that the allegations pertain to Plaintiff's FTCA claims against the United States.

7

Because the United States is the only proper defendant to an FTCA claim, the Court will administratively terminate, without prejudice, Officer Meredith, Assistant Warden Grissom[2] and DHO Potter as defendants in this action.

B. <u>FTCA Claims</u>

The FTCA provides a limited waiver of the federal government's sovereign immunity for the tortious acts of government employees acting within the scope of their employment. <u>Rinaldi v. United States</u>, 460 F. App'x 80, 81 (3d Cir. 2012) (per curiam) (citing 28 U.S.C. § 2671, *et seq.*)) Therefore, under some circumstances, prisoners may invoke the FTCA to seek damages for injuries received while in confinement. <u>Rinaldi</u>, 460 F. App'x at 81 (citing <u>United States v. Muniz</u>, 374 U.S. 150, 153 (1963)). A plaintiff must allege a physical injury that resulted from the tortious conduct of a federal employee acting in the scope of his employment; mental or emotional injuries are insufficient to state a claim. <u>Michtavi v. U.S.</u>, 345 F. App'x 727, 729-30 (3d Cir. 2009) (per curiam) (quoting 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated … while serving a sentence may bring a civil action

---

[2] Assistant Warden Grissom is named in Count VI of the Amended Complaint, but the Court will terminate him as a defendant because Count VI is dismissed without prejudice.

against the United States … for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

Count II, Plaintiff's FTCA claim based on alleged malicious prosecution for false disciplinary reports, fails to state an FTCA claim because Plaintiff does not allege a physical injury resulting from the alleged tort. This claim will be dismissed with prejudice because amendment is futile given the nature of the claim. West v. United States, 729 F. App'x 145, 148-49 (3d Cir. 2018) (per curiam); see also 28 U.S.C. § 2680(h) (exceptions to waiver of sovereign immunity under 28 U.S.C. § 1346(b) include any claim arising out of malicious prosecution.) The remainder of the FTCA claims may proceed. Defendant United States of America is not precluded from raising any immunity claims it may have.

C. Bivens Claims

The Court reserves ruling on whether any of Plaintiff's Bivens claims should be dismissed pursuant to the Supreme Court's decision in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).

 1. Eighth Amendment Failure to Protect Claims against Warden Ortiz and Assistant Warden Grissom (Count VI)

For an Eighth Amendment claim "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Helling v. McKinney, 509 U.S. 25, 35

(1993)). For liability, the defendant must exhibit deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff alleges Warden Ortiz and Assistant Warden Grissom knew Officer Brown posed a serious risk to Plaintiff and others based on similar complaints about Officer Brown. "[T]he risk that an inmate with a history of violence might attack another inmate for an unknown reason" is insufficient to state an Eighth Amendment claim for failure to protect. Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012). The Court will dismiss this claim without prejudice.

### 3. Eighth Amendment Claims for Deliberate Indifference to Serious Medical Needs (Count VIII)

The Court will permit Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs to proceed against Physician Assistant Chigozie, NREMT-P Martin, Physician Assistant Fletcher, Dr. Turner, Health Services Administrator Wilks, Lieutenant Tucker, Officer Evans, Deputy Captain Frazier and Warden Ortiz. The Court notes that Plaintiff alleges he received no treatment or evaluation between January 20 to January 30, 2018, despite his pleas to the defendants. However, he also

inconsistently alleges that his head was x-rayed on January 25, 2018, and he was prescribed medication for post-concussion syndrome. Therefore, for the period beginning January 26, 2018, the allegations in the amended complaint support only an Eighth Amendment claim for delay in providing prescribed treatment or medical malpractice under the FTCA.

  4. First Amendment Retaliation Claims (Count V)

    a. Tucker, Brandon, Giordano and Byrd

To establish illegal retaliation for engaging in constitutionally protected conduct, a plaintiff must allege facts indicating that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Filing inmate grievances is constitutionally protected conduct. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citing Babcock v. White, 102 F.3d 267, 275-76 (7th Cir. 1996)).

An adverse action must be "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). The third element of a retaliation claim may be established with evidence of "(1) an

11

unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Watson, 834 F.3d at 424. "[W]here the temporal proximity is not so close as to be 'unduly suggestive,'" the appropriate test is "timing plus other evidence." Id. (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000)).

Plaintiff asserts Lieutenant Tucker, Officer Brandon and Officer Giordano retaliated against him by trashing his room and his legal mail on April 30, 2018, and that they did so because he filed a grievance against Officer Giordano on April 27, 2018. In the body of the amended complaint, Plaintiff further alleged that Lieutenant Tucker trashed Plaintiff's room four times in seven days, and trashed it twice again over three days in May 2018. Plaintiff alleges that Unit Manager Byrd intentionally lost his grievance form against Officer Meredith and his grievance form concerning violation of his First Amendment rights.

Loss of two grievance forms, even though alleged to be intentional, is not an adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. The claim against Unit Manager Byrd will be dismissed without prejudice.

12

Plaintiff does not describe what he means by "trashed." The Court assumes, for purposes of screening only, that Plaintiff means his cell was searched and his property was treated carelessly and not returned to where it had been. Absent an allegation that Plaintiff's property and legal mail were destroyed, Plaintiff has not alleged an adverse action sufficient to deter a person of ordinary firmness from asserting his constitutional rights. Under the objective standard, cell searches typically do not dissuade prisoners from exercising their First Amendment rights. See Kokinda v. Pennsylvania Dep't of Corrections, Civ. Action No. 16-0005, 2016 WL 7029385, at *4-5 (W.D. Pa. Oct. 31, 2016) (collecting cases). The Court will dismiss the First Amendment retaliation claims against Lieutenant Tucker, Officer Giordano and Unit Manager Byrd without prejudice.

IV. APPOINTMENT OF PRO BONO COUNSEL

The Court initially denied Plaintiff's request for pro bono counsel without prejudice. (Opinion, ECF No. 10; Order, ECF No. 11.) The Court now finds that the factors described in Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993) favor appointment of counsel, specifically the degree to which factual investigation will be required, the likelihood that some claims will turn on credibility determinations, and the potential need for an expert witness.

V.   CONCLUSION

For the reasons stated above, the amended complaint is dismissed in part and may proceed in part. Counts I, III, IV, IV(a), IV(b), VII, and VIII may proceed. Count II is dismissed with prejudice. Counts V and VI are dismissed without prejudice. Defendants Meredith and DHO Potter will be administratively terminated as defendants. The Court will appoint pro bono counsel to Plaintiff.

An appropriate order follows.


DATE: September 4, 2019

                               s/Renée Marie Bumb
                               **RENÉE MARIE BUMB**
                               **United States District Judge**